**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES J. STOUT,

Petitioner - Appellant,

v.

RON WAGER, (Acting Warden); JOHN
SUTHERS, Attorney General of the State
of Colorado,

Respondents - Appellees.

No. 08-1311
(D. Ct. No. 08-CV-01358-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Charles J. Stout, a Colorado state prisoner proceeding pro se,

seeks a certificate of appealability ("COA") to appeal from the dismissal of his habeas

petition under 28 U.S.C. § 2254. We take jurisdiction under 28 U.S.C. § 1291, DENY

Mr. Stout's request for a COA, and DISMISS this appeal.

**I. BACKGROUND**

Mr. Stout pleaded guilty to one count, naming eight victims, of sexual assault on a

child by one in a position of trust. Under the terms of the plea agreement, he was

sentenced to sixteen years to life in prison. He later sought to vacate his conviction and

sentence under Colorado Rule of Criminal Procedure 35, contending that his conviction

was invalid because it was based on his uncorroborated confession and that he should be resentenced because (1) he had been identified as a sexually violent predator for future sex offender registration purposes based on an incomplete sex offender evaluation and (2) his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 552 U.S. 296 (2004). The trial court denied Mr. Stout's Rule 35 motion, and the Colorado Court of Appeals affirmed. The court of appeals held that Mr. Stout did not raise the confession issue on appeal, that his sex-offender argument was time-barred, and that *Apprendi* and *Blakely* were inapplicable as his sentence did not exceed the applicable statutory sentence of life in prison. The Colorado Supreme Court denied a writ of certiorari.

Mr. Stout then filed a § 2254 petition in federal district court. The magistrate judge ordered him to file an amended petition clarifying his claims. He did so, but the district court nonetheless determined, even after construing the amended petition liberally, that he had failed to identify clearly any federal constitutional claims. Specifically, the district court reasoned that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires more than notice pleading, and that Mr. Stout had not alleged facts in support of his bare constitutional violations. The district court dismissed the petition without prejudice and denied a COA. Mr. Stout now seeks a COA from this court.

## II. DISCUSSION

Mr. Stout may not appeal from the district court's dismissal of his petition without

first obtaining a COA. 28 U.S.C. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists could not disagree with the district court's assessment of Mr. Stout's amended petition. That petition lists the following claims: "(1) Not all test were complete that was required for the sexual evaluation (2) sentence aggravated by the Judge and not a Jury (3) sentanced on my confession only." As supporting facts, the petition refers to an attached page from Colorado's Sex Offender Treatment and Monitoring Program Manual describing the penile plethysmograph and Able Screen, and to attached pages from the transcript of Mr. Stout's plea hearing in which his attorney informs the court that Mr. Stout confessed to the count of conviction in that he admitted he had sexual contact, including intercourse, with the named victims. As the district court concluded, the petition does not identify specific constitutional claims and does not allege facts in support of the claims it does identify. Moreover, even if we construe the petition as raising a Sixth Amendment claim under *Apprendi* and *Blakely*, it is clear that such a claim

is meritless. In *Blakely*, the Supreme Court held that *Apprendi* prohibits a court from enhancing a defendant's sentence beyond the maximum sentence supported by facts found by the jury or admitted by the defendant. *See Blakely*, 542 U.S. at 303 ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."). In this case, however, Mr. Stout both stipulated to a sixteen-year-to-life sentence and admitted the facts underlying his conviction and sentence. *Apprendi* and *Blakely* are therefore inapplicable.

### III. CONCLUSION

Because Mr. Stout has not demonstrated that jurists of reason would find it debatable whether his § 2254 petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court correctly dismissed the petition on procedural grounds, we DENY his application for a COA. We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 4 -